UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CIS COMMUNICATIONS, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-00359-JAR |
| ) | |
| REPUBLIC SERVICES, INC. and ) | |
| ALLIED SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

## AMENDED CASE MANAGEMENT ORDER

This matter is before the Court on Plaintiff's motion to extend the case management order by nine months. This case is on a parallel schedule with *Pietoso, Inc. v. Republic Services, Inc.*, Case No. 4:19-cv-397-JAR. For the reasons set forth in a concurrent order in that case,

**IT IS HEREBY ORDERED** that Plaintiff's motion is **GRANTED** (Doc. 46) and the following schedule shall apply:

**I.    SCHEDULING PLAN**

1. **Disclosures**: Disclosure shall proceed in the following manner:

    a. Plaintiffs shall disclose their class certification expert witnesses and provide the reports required by Fed. R. Civ. P. 26(a)(2) no later than **January 3, 2024**, and shall make such expert witnesses available for depositions, and have depositions completed, no later than **January 29, 2024.**

    b. Defendants shall disclose their class certification expert witnesses and provide the reports required by Fed. R. Civ. P. 26(a)(2) no later than **February 12, 2024**, and shall make such expert witnesses available for depositions, and have depositions completed, no later than **March 18, 2024.**

    c. Plaintiffs shall disclose their trial expert witnesses and provide the reports required by Fed. R. Civ. P. 26(a)(2) no later than **April 22, 2024**, and shall make such expert witnesses available for depositions, and have depositions completed, no later than **May 20, 2024.**

    d. Defendants shall disclose their trial expert witnesses and provide the reports required by Fed. R. Civ. P. 26(a)(2) no later than **June 24, 2024**, and shall make such expert witnesses available for depositions, and have depositions completed, no later than **July 15, 2024.**

    e. All depositions shall be completed by **July 15, 2024**.

    f. The presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A) and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a) shall apply.

    g. The parties do not anticipate making any requests for physical or mental examination pursuant to Fed. R. Civ. P. 35.

    h. The parties shall complete <u>all discovery</u> in this case by the later of (i) **August 9, 2024** or (ii) 60 days after notice is sent to the class in the event class certification is granted.

    i. Any motions to compel shall be pursued in a diligent and timely manner.

2. **Class Certification Motions**: The deadline for filing any motion for class certification is **January 3, 2024**. Any response in opposition shall be filed no later than **February 26, 2024**, and any reply shall be filed no later than **March 25, 2024**.

3. **Dispositive Motions**: Any motions for summary judgment or motions for judgment on the pleadings or, if applicable, any motion to exclude testimony pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) or *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999), shall be filed no later than the later of (i) **August 19, 2024** or (ii) 90 days after notice is sent to the class in the event class certification is granted.

## II. ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **Tuesday, November 12, 2024 at 9:00 a.m**. This is a **2-week** docket, and the parties are expected to be ready and available for trial on the first day of the docket and thereafter on twenty-four hours' notice.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1. **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire, if applicable).

2. **Witnesses:**

    a. Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

    b. Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits:**

    a. Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

    b. Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

    c. Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing by the time of the final pretrial conference may be considered waived.

4. **Depositions, Interrogatory Answers, and Request for Admissions:**

    a. Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line

  numbers), and answers to requests for admissions proposed to be offered in evidence. Before the time of the final pretrial conference, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

  b. Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

5. **Motions in Limine**:  Parties shall file all motions in limine to exclude evidence **at least ten (10) days before the pretrial conference.**

6. **Jury Instructions** (if applicable): **At least ten (10) days prior to trial**, each party shall submit to the Court and to opposing counsel his/her/its written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions in light of the opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

7. **Final Pretrial Conference:**  A final pretrial conference is set for **Thursday, November 7, 2024 at 1:30 P.M**. in the courtroom of the undersigned.

Dated this 11th day of April, 2023.

                _____
                JOHN A. ROSS
                UNITED STATES DISTRICT JUDGE